THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Ave., Suite 7B
Paso Robles, CA 93446
Telephone: (805) 369-2053
Facsimile:   (805) 715-7824
Email Address: tharris@tharrislawoffice.com

Attorney for Plaintiff, JOCELYN ORDONEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN ORDONEZ, an individual, | CASE NO: 2:15-at-1110 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| ROSEN AND LOEB, | **DEMAND FOR A JURY TRIAL** |
| Defendant. | |

Plaintiff JOCELYN ORDONEZ ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant ROSEN AND LOEB (hereinafter referred to as "Defendant(s)" or "ROSEN"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1.   Plaintiff brings this action on her own behalf for damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA" which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that: The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

## PARTIES

4. Plaintiff JOCELYN ORDONEZ (hereinafter "Plaintiff"), is a natural person residing in San Joaquin County, State of California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code §1788.2(h).

5. Defendant ROSEN AND LOEB ("ROSEN"), is a company conducting

1  business in the State of California engaged in the business of debt collection with an
2  office at 10605 Balboa Blvd., Suite 265, Granada Hills, CA 91344. The principal
3  purpose of ROSEN is the collection of debts using the mails and telephone, and
4  ROSEN regularly attempts to collect debts alleged to be due another. ROSEN is a
5  "debt collector" within the meaning of 15 U.S.C. §1692a(6) and Cal. Civil Code §
6  1788.2(c).

### JURISDICTION

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### FACTUAL ALLEGATIONS

9. Plaintiff incurred a financial obligation, namely a consumer credit account. The debt was incurred primarily for personal, family or household purposes as is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §1788.2(f).

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began collection efforts and a campaign of communications with the

1  Plaintiff on February 12, 2015, by placing a telephone call to telephone number
2  (209) 896-9187 and leaving a voice message.

3      12.    Defendant's message consisted of a female called who twice identified
4  herself as, "Juliet Martinez from "The Law Offices of Rosen and Loeb."

5      13.    Ms. "Martinez" stated that Defendant was "The Law Offices of Rosen
6  and Loeb" and that she was calling Plaintiff in an attempt to collect a debt by a debt
7  collector, requesting a return call to (800) 370-4508 ext. 2123.

8      14.    The recorded greeting at Plaintiff's aforementioned telephone number
9  (i.e., "You have reached the Ordonez family. Please leave a message at the tone and
10 we'll return your call shortly") explicitly states that the caller has reached a family
11 telephone which is in use by multiple individuals in the home.

12     15.    On February 12, 2015, the Defendant's message was heard by Plaintiff's
13 son, Christian Ordonez, who learned thereby that his mother was being sought by a
14 debt collector and a law office.

15     16.    On or about April 4, 2015, Plaintiff received a letter from Defendant
16 dated March 31, 2015. Defendant's letter bore a letterhead identifying Defendant's as
17 "ATTORNEY AT LAW" with company name and address centered on the page and
18 the names "ALAN L. ROSEN", "STEVEN S. LOEB" and "JOHN T. MELDEN" to the
19 left of Defendant's company name and address.

20     17.    Defendant's March 31, 2015 letter stated that Defendant's client requested
21 that Defendant write to resolve the subject matter stating, "I again have been asked by
22 my client to write you in an attempt to resolve this matter" and ending, "[p]lease
23 contact this office now to advise me of your intentions."

24     18.    Defendant's letter's closing was typed, "[v]ery truly yours, ROSEN and
25 LOEB Attorneys at Law" with an indecipherable signature consisting of the script
26 letter "S" or the letter "L" repeated three times and connected. Please see a copy of
27 Defendant's letter dated March 31, 2015 bearing such signature is attached hereto as
28 EXHIBIT A and incorporated herein by reference as ("EXHIBIT A").

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

19. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

20. 15 USC §805 1692c(b) states that without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

21. The Defendant violated 15 USC §1692c(b) by disclosing to a third party, the Plaintiff's son, Christian Ordonez, that Defendant was a debt collector attempting to collect an alleged debt from the Plaintiff.

22. 15 USC §1692e – preface and e(3) prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney; and e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

23. The Defendant violated 15 USC §1692e and 15 USC §1692e(10) when Defendant wrote to Plaintiff by letter dated March 31, 2015, on letterhead designating Defendant as Attorneys at Law stating "I again have been asked by my client to write you in an attempt to resolve this matter", and ending "[p]lease contact this office now to advise me of your intentions", but no "I" or "me" signed said letter. Only a triple letter "S" or "L" above Defendant's company name and "Attorneys at Law" is provided in lieu of an individuals name or an actual signature in the deceptive attempt to suggest that an attorney or attorneys signed Defendant's letter. Additionally, the statement, "I again have been asked by my client to write you" is false. Defendant's letter is mass-produced and sent to multiple consumers, and upon information and

belief, Defendant's client did not ask the unidentified and fictitious composer of Defendant's letter to write to the many multiple recipients to whom such mass produced letter is directed.

24. 15 USC §1692e(14) prohibits a debt collector from the use of any business, company or organization name other than the true name of the debt collector's business, company or organization.

25. When leaving the voice message, Defendant identified itself to consumer more than once as "The Law Office of Rosen and Loeb" when Defendant's company name is only "Rosen and Loeb," in violation of 15 USC §1692e(14).

## SECOND CAUSE OF ACTION
### (Violations of the RFDCPA)

26. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

27. Plaintiff brings the second claim for relief against Defendant, ROSEN, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

28. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

29. Defendant, ROSEN, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

30. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

31. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer, pursuant to Cal. Civil Code § 1788.12(b).

   b. By making false representations that any person is an attorney or

counselor at law, pursuant to Cal. Civil Code § 1788.13(b).

    c.    By sending communication with a debtor in the name of an attorney or counselor at law or upon stationery bearing the name of the attorney or counselor at law, unless such communication is by an attorney or counselor at law, pursuant to Cal. Civil Code § 1788.13(c).

32. ROSEN'S acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil § 1788.30(b).

33. As a result of ROSEN's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

34. As a result of ROSEN's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

35. As a result of ROSEN's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17.

36. As a result of ROSEN's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.

37. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this court:

    a.    Assume jurisdiction in this proceeding;

    b.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692k(a)(1);

    c.    Declare that ROSEN violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.17 and 1788.30;

    d.    Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

    e.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692d(a)(2)(A);

    f.    Award Plaintiff a statutory penalty in an amount not less than $100 or greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

    g.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;

    h.    Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

//
//
//
//
//
//
//
//

I.    Award Plaintiff such other and further relief as may be just and proper.

Dated: October 26, 2015

Respectfully submitted,

/s/ Therese S. Harris
THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Ave., Suite 7B
Paso Robles, CA  93446
Telephone:   (805) 369-2053
Facsimile:   (805) 715-7824
Email Address: tharris@tharrislawoffice.com

Attorney for the Plaintiff JOCELYN ORDONEZ

| | | |
|---|---|---|
| 1 | To: | ROSEN & LOEB |
| 2 | | 10605 Balboa Blvd., Suite 265 |
| 3 | | Grenada Hills, CA  91344 |
| 4 | | *(Via Prescribed Service)* |
| 5 | | |
| 6 | | Office of the Clerk of the Court |
| 7 | | Eastern District of California |
| 8 | | United States District Court |
| 9 | | 501 I Street, 4th Floor |
| 10 | | Sacramento, CA 95814 |
| | | (916) 930-4000 |
| | | *(Via electronic filing)* |

EXHIBIT A

ROSEN AND LOEB
ATTORNEYS AT LAW

ALAN L. ROSEN
STEVEN S. LOEB
JOHN T. MEDLEN

16000 VENTURA BOULEVARD
SUITE 1150
ENCINO, CALIFORNIA 91436

818/907-5866
FAX 818/461-5959

08*ACFCIT*011715*MB  LS8                                  03/31/15

JOCELYN A ORDONEZ


```
ORIGINAL CREDITOR:  CITIBANK, N.A.
CURRENT CREDITOR :  Atlantic Credit & Finance Special Finance Unit, LLC ("ACF")
ACCOUNT NUMBER   :  ████████8640
AMOUNT           :  2909.66
TOTAL            :  2909.66
```

Dear JOCELYN A ORDONEZ :

I again have been asked by my client to write you in an attempt to resolve this matter. Naturally, such a resolution would be in the interest of all parties involved. Your reply to this writing (or failure to reply), will directly impact our decision regarding the filing of legal action.

It is my sincere desire to avoid any unnecessary involvement of the court and your cooperation in bringing this matter to an agreeable conclusion could serve to do just that. If payment of this obligation can be offered, now is the time to do so. My client has authorized my office to consider any fair repayment proposal. As such, you or your attorney are strongly urged to contact this office today.

Under section 1033 of the California Code of Civil Procedure, it is my duty to call to your attention that any legal action filed will request award by the court of some or all of the following charges: Principal, interest, court costs, filing fees, process serving charges and attorney fees.

Please contact this office now to advise me of your intentions.

Very truly yours,

ROSEN and LOEB
Attorneys at Law

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.